In re FLR COMPANY, INC., Debtor.

FLR COMPANY, INC., Movant,

v.

BRANT CONSTRUCTION COMPANY, INC. and Bethlehem Steel Corporation, Respondents.

In re FLR COMPANY, INC., Debtor.

FLR COMPANY, INC., Plaintiff,

v.

UNITED STATES of America, Internal Revenue Service, Mellon Bank, D.L. Smith Company and Bethlehem Steel Corporation, Defendant.

In re FLR COMPANY, INC., Debtor.

BETHLEHEM STEEL CORPORATION, Plaintiff,

v.

FLR COMPANY, INC., Defendant.

Bankruptcy No. 85–1160.
Adv. No. 85–260.
Motion Nos. 85–2260, 85–2278.

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 8, 1985.

Gary W. Short, Humphreys, Nubani & Short, Pittsburgh, Pa., for debtor.

Kevin C. Hansen, Meyer, Unkovic & Scott, Pittsburgh, Pa., for Bethlehem Steel Corp.

Joseph E. Schmitt, Stonecipher, Cunningham, Beard & Schmitt, Pittsburgh, Pa., for Brant Const. Co.

Reed J. Davis, Davis & Reilly, Pittsburgh, Pa., for Mellon Bank.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

The Debtor, FLR Company, Inc., has need of progress payments recited in its various contracts with Bethlehem Steel Corporation ("Bethlehem"). To accomplish this result, the Debtor filed a Complaint in Turnover at Adversary Proceeding No. 85–260 on May 29, 1985, which was answered by Bethlehem on June 18, 1985. The Debtor also filed a Motion to Assume Various Executory Contracts at Motion No. 85–2260. Bethlehem filed a similar Motion to reject these same contracts. The Debtor filed a Motion for an expedited hearing, which was granted. A preliminary hearing was conducted on June 3, 1985.

The Court declined to grant the Complaint in Turnover on June 3, 1985, because the time was not available to hear evidence and the hearing was continued. On July 1, 1985 the Motions were heard in a preliminary manner and continued to July 3, 1985. At the hearing on July 3, 1985, the Debtor and Bethlehem presented evidence concerning this dispute. The Court received the evidence on the issues of turnover, 11 U.S.C. § 542 and on assumption and rejection of the contract.

It appears that the IRS on May 5, 1985 issued a Notice of Levy upon Bethlehem (Defendant's Exhibit F–1) in the amount of $224,018.33. At present the IRS is willing to release their levy so that the Debtor may use these accounts to operate. However, the Debtor has not made an offer of adequate protection to the IRS. The claims of Bethlehem, if valid, are superior to the IRS.

The Debtor presented evidence (FLR Exhibit # 1) that it is owed $259,427.25 by Bethlehem, and after all proper claims are paid a net amount of $149,528.23 (FLR Exhibit # 2) would be available to continue the business related to the Bethlehem contracts. The Debtor's President testified (FLR Exhibit # 11) that this amount, if paid by Bethlehem, would provide adequate cash flow to begin operating under these Bethlehem contracts.

Bethlehem is unwilling to release these progress payments and accounts. Bethlehem presented evidence that (1) mechanics' liens and (2) claims of subcontractors, materialmen and labormen exceed the payments being claimed by the Debtor. Bethlehem presented evidence that the Debtor would require approximately $350,000–$370,000 in working capital to continue to operate these various contracts. Bethlehem argued that $149,528.23 would not be adequate to continue the contracts. The Court found the evidence of Bethlehem's more convincing.

Paragraph Sixth of the January, 1985 contract (Exhibit B of Bethlehem Motion No. 85–2278) is in dispute. Paragraph Sixth provides that Bethlehem may withhold payments to provide for mechanics' liens. The parties dispute whether Bethlehem may withhold payments for other claims not meeting the requirement of mechanic's lien law, but which claims could become conventional judgment liens against the property of Bethlehem. The mechanic's lien laws of New York (Lackawanna), Maryland (Sparrows Point) and Indiana (Burns Harbor) are involved, as well

as the contract law of those states and Pennsylvania.

Paragraph Twelfth provides Bethlehem with the right of set off in this contract and Bethlehem's defenses are reviewed under this provision also.

■ The Court now turns to the bankruptcy concept of turnover, 11 U.S.C. § 542 (also 11 U.S.C. § 543). Implicit in the bankruptcy concept of turnover is the idea that the property being sought is clearly the property of the Debtor but not in the Debtor's possession. Turnover, 11 U.S.C. § 542, is not the provision of the Code to determine the rights of the parties in legitimate contract disputes. In 11 U.S.C. § 542(b) the following language is used to describe such property:

> [A]n entity that owes a debt that is property of the estate and that is matured, payable on demand or payable on order shall pay such debt to, or on the order of, the trustee, except that such a debt may be offset under section 553 of this title against a claim against the debtor.

The Whiting Pools case, *U.S. v. Whiting Pools, Inc.*, 674 F.2d 144 (2d Cir.1982), aff'd, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515, 8 C.B.C.2d 710 (1983), provides some insight into the concept of turnover. In that case, the IRS had seized property of the debtor, but the IRS had not sold the property to a third party and the Supreme Court permitted turnover. However, the Supreme Court also called attention to the debtor's need to provide adequate protection to the IRS under these circumstances.

In *In the Matter of Chick Smith Ford, Inc.*, 46 B.R. 515 (Bkrtcy.M.D.Fla.1985), the debtor filed a mandatory injunction requiring turnover by a creditor on an executory contract. The action was treated as one requiring specific performance and the Court did not permit monies to be paid, although it permitted other aspects of the executory franchise contract to be performed. The *Chick Smith Ford* Court treated the action as one for a preliminary injunction and found that money damages were not appropriate in a preliminary injunction action. In *In re Arthur Treacher's Franchise Litigation*, 689 F.2d 1137 (3rd Cir.1982), the Court of Appeals found similarly. The Court of Appeals found no authority for awarding money damages at a preliminary stage of a proceeding.

■ This instant turnover action is similar to an injunction for specific performance. To award specific performance of the progress money payments called for under these Bethlehem contracts while other aspects of the same contracts are in dispute under a rubric of an action in turnover would not be equitable, unless adequate protection were offered to Bethlehem. Under the facts of this case, we find that adequate protection has not been offered to Bethlehem for a turnover of these progress payments.

In these types of cases the Court was concerned that the owner under the mask of a contract dispute not refuse to release progress payments for improper reasons. Understandably, debtors in possession have very limited capital and are dependent on regular payments after they have performed on their contracts. It would be possible for an overreaching owner to force his contractor into insolvency by refusing to make progress payments called for in the contract for improper reasons. Although the debtor could sue the owner for damages under the contract, the time lost during the lawsuit could delay or prevent reorganization.

The prompt hearing provided in this case has examined that possible condition. For purposes of this adversary proceeding, this Court holds that the labor, materialmen and subcontractor claims arising from these contracts are properly raised by Bethlehem as setoff defenses to this Complaint in Turnover. Bethlehem established that such claims exist and that they exist in an amount that is greater than the payments due to the Debtor. As an owner, Bethlehem is secured by possession and the claim is not matured. The Debtor is required to perform additional acts.

The Court decides that the defenses raised by Bethlehem to liability under various mechanics' liens and other claims are of such a magnitude that Bethlehem's right to set off requires adequate protection. The Debtor's only offer was an offer to use these disputed payments as start-up capital to complete the various contracts. That offer does not constitute adequate protection.

Bethlehem's Motion to Dismiss the Complaint in Turnover is granted.

It is important to note what the Court has not decided. Dismissal of this action in turnover has not decided the merits of the contract dispute between Bethlehem and the Debtor. This Court need not decide the merits of that dispute under a proceeding in turnover. This Court believes from the facts at the hearing that Bethlehem is likely to prevail and therefore is entitled to adequate protection.

In response to Bethlehem's objection to jurisdiction, the Court has decided that the Debtor's interest in thee progress payments is interest enough to provide the Bankruptcy Court with jurisdiction over the property interest, 11 U.S.C. § 541(a)(1). The Debtor treats the Court's finding of jurisdiction to decide the quantum of the property interest of the Debtor as synonymous with the Debtor's absolute right to turnover. That is a boot strap which this Court is not inclined to make.

Based on the same evidence adduced at the hearing, the Motion to Assume or Reject the Contract can also be decided. The Debtor indicated, absent these progress payments, it did not have other sufficient funds to proceed on the contracts or to cure the defaults. Therefore, the contracts cannot be assumed and are rejected. If this is not the case, the Debtor has 10 days within the appeal period to file pleadings asserting other funds exist to proceed on these contracts or to cure.

The Motion of Bethlehem to reject is granted.

The Motion of the Debtor to assume is denied.

The Debtor, in its brief in support of its motion to stay these orders pending appeal, offers *Georgia Pacific Corp., et al. v. Sigma Service Corp.,* 712 F.2d 962 (5th Cir. 1983), in support of its case. This Court believes the legal posture to be quite different. In *Georgia Pacific,* the subcontractors raised claims for the money on a *constructive trust* theory. That is not the case here. Bethlehem, as the owner, refuses to pay money over which it has *possession,* asserting setoff rights because of Bethlehem's liabilities for claims of subcontractors, etc. In *Georgia Pacific* it was the subcontractor raising a claim against the debtor on a constructive trust theory.

The Motion of the Debtor for stay pending appeal is denied.