**In re Timothy M. PALETTI, Debtor.**

**Bankruptcy No. 98–4190–BKC–3F1.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 25, 1999.

Robert Altman, Palatka, Florida.

Timothy M. Paletti, Lake Butler, Florida.

## ORDER DENYING PALETTI'S MOTION FOR SPECIFIC ORDER DIRECTING TURNOVER OF PROPERTY

JERRY A. FUNK, Bankruptcy Judge.

This Case comes before the Court on Paletti's Motion for Specific Order Directing Turnover of Property ("Motion") filed on July 22, 1999 by Timothy M. Paletti ("Debtor"). (Doc. 33.) On August 17, 1999 this Court held an evidentiary hearing on this Motion and requested written submissions in lieu of closing oral argument. Upon review of the evidence presented and the submissions of the parties the Court finds that Debtor has failed to meet the burden necessary for this Court to grant the relief Debtor requests.

While Debtor did not plead provisions of law that controlled his request, the Court deems this to be an action under Section 542 of the Bankruptcy Code governing turnover of property of the estate. Section 542 requires that anyone holding property of the estate on the date of the filing of the petition, or property that the trustee, or as in this case a debtor in possession, may use sell or lease under Section 363 of the Bankruptcy Code, to deliver such property to the trustee or the debtor in possession. 11 U.S.C. § 542; *see* 11 U.S.C. § 1107; *see also Georgia Pacific Corp. v. Sigma Serv. Corp.*, 712 F.2d 962 (5th Cir.1983) (debtor-in-possession has power and right to turnover of property of the estate in chapter 11 case).

■ The burden is on Debtor to demonstrate that the assets in question are part of the bankruptcy estate. *See In re Alofs Manuf. Co.*, 209 B.R. 83, 89–91 (Bankr. W.D.Mich.1997) (discussing applicable standard of proof in turnover actions); *In re Himes*, 179 B.R. 279 (Bankr.E.D.Okla. 1995); *In re American Way Serv. Corp.*, 229 B.R. 496, 525 (Bankr.S.D.Fla.1999) (applying preponderance of the evidence standard in avoidance actions). The Court notes a variance in the law concerning whether the burden of proof in a turnover action is by the clear and convincing evidence standard or by the lesser preponderance of the evidence standard. *In re Alofs Manuf. Co.*, 209 B.R. at 89. Additionally, the Court notes that it has found no clear and binding precedent fixing this standard. However, the Court need not fix the standard at this time because the Court finds that Debtor fails to satisfy whichever standard may apply.

■ The court in *Marlow v. Oakland Gin Co. (In re The Julien Co.)*, 128 B.R. 987 (Bankr.W.D.Tenn.1991) stated:

Section 363 provides that the trustee may use, sell, or lease "property of the estate." "Property of the estate" is defined at 11 U.S.C. § 541(a) as all legal and equitable interests of the debtor in property at the commencement of the bankruptcy case. As such, turnover is not intended as a remedy to determine the disputed rights of parties to property. *See, e.g., In re Gallucci*, 931 F.2d 738, 741 (11th Cir.1991); *In re FLR Co. Inc.*, 58 B.R. 632, 634 (Bankr.W.D.Pa. 1985). Rather, turnover is intended as a remedy to obtain what is acknowledged to be property of a debtor's estate. Therefore, the ultimate issue for determination here is the extent of the debtor's legal and equitable interests, if any, at the commencement of the case.

128 B.R. at 993. This Court agrees that the inquiry in a turnover action requires a determination of what a debtor's legal and equitable interest in property, if any, is at the commencement of the case. This determination of property rights is a matter of state law. 11 U.S.C. § 541; *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

Debtor appeared pro se and was given ample time to present evidence. Debtor testified, as well as questioned witnesses, about certain personal property that he claims should be turned over to him. However, Debtor failed to present evidence establishing any right to the claimed property under state law or that Debtor had any right to redeem such property under state law as of the commencement of his bankruptcy case. Debtor also failed to establish that the parties he sought to have turnover property actually had possession of the property. Additionally, Debtor failed to establish that such property was necessary for a successful reorganization.

The Court finds that Debtor's presentation was unorganized and inconclusive of any rights that he may have in the property he claims. The evidence presented was not sufficient to establish that Debtor had any interest in the property he sought to have turned over to his bankruptcy estate. Accordingly, it is

**ORDERED:**

Paletti's Motion for Specific Order Directing Turnover of Property is **denied**.