MANLEY TRUCK LINE,
INC., Plaintiff,

v.

MERCANTILE BANK OF KANSAS
CITY, Defendant.

Civ. A. No. 89–2069–S.

United States District Court,
D. Kansas.

Oct. 3, 1989.

Stephen D. McGiffert, McDowell, Rice & Smith, Chartered, Kansas City, Kan., Leonard A. Rose and Jay W. Endress, Rose, Jackson, Brouillette & Shapiro, Kansas City, Mo., for plaintiff.

Jay Selanders, Husch, Eppenberger, Donohue, Cornfeld and Jenkins, Overland Park, Kan., David A. Vorbeck, and Daniel D. Phillips, Husch, Eppenberger, Donohue, Cornfeld and Jenkins, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to refer the above-captioned proceeding to the bankruptcy court for this district. In the present case, plaintiff (hereafter "Manley") asserts a three-count complaint against defendant (hereafter "Mercantile") alleging breach of contract, wrongful dishonor and negligence. Manley has demanded a jury trial of its complaint.[1]

In support of its motion to refer this proceeding to bankruptcy court, Mercantile notes that Manley is currently a debtor in a Chapter 11 proceeding in a bankruptcy court for this district, i.e., *In re: Manley Truck Lines, Inc.,* No. 87–40330–11. Fur-

---

1. The court notes that in connection with Mercantile's motion to refer this case to bankruptcy court, Manley submitted a motion to stay consideration of this motion pending an entry of appearance by Manley's new counsel. Since Manley's new counsel has entered an appearance and submitted suggestions with respect to Mercantile's referral motion, the court will consider the motion for a stay of decision on Mercantile's motion effectively moot.

ther, Mercantile contends that Manley's present action relates to the debtor-creditor relationship between these parties, and that in the interest of judicial economy the present action should be consolidated with an adversary proceeding between the parties presently before the bankruptcy court to determine the priority of, and to enforce, Mercantile's security interest and lien against Manley's assets, i.e., *Mercantile Bank of Kansas City v. Manley Truck Lines*, No. 88–0165.

The general rule in this district is that all proceedings under, and related to, Title 11 of the United States Code are referred to district bankruptcy judges. D.Kan. Rule 705. This general rule, adopted pursuant to 28 U.S.C. § 157(a), is subject to 28 U.S.C. § 157(d) which sets forth cases in which a district court's reference to a bankruptcy judge either may or must be withdrawn. Since in this case the mandatory withdrawal of reference provision does not apply, this court may, under the permissive withdrawal section, withdraw a case "for cause shown." 28 U.S.C. § 157(d). Although "cause" is not defined in the statute, courts have considered a number of factors in deciding whether reference to a bankruptcy court is appropriate, including whether a jury trial has been requested. *See Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir.1985); *In re Leedy Mortgage Co., Inc.*, 62 B.R. 303, 306 (E.D.Pa.1986). Although no direct prohibition exists on jury trial to a bankruptcy court, statutory provision for district court review *de novo* of bankruptcy court decisions in non-core proceedings[2], 28 U.S.C. § 157(c)(1), renders a jury trial before a bankruptcy court impractical. *See In re Smith–Douglass, Inc.*, 43 B.R. 616, 618 (Bankr.E.D.N.C.1984).

Given that Manley has requested a jury trial, the court finds that reference of the above-captioned matter would not be in the interests of judicial economy since any jury trial before a bankruptcy court would be rendered essentially "advisory" by this court's duty to review the bankruptcy court's findings. *Id.; see* 28 U.S.C. § 157(c)(1). Further, although the present action is certainly related to Manley's Chapter 11 proceeding and, to some extent, to Mercantile's action to enforce its lien, the state law claims asserted in this action are not so intimately connected with the bankruptcy proceeding as to require reference to the bankruptcy court. *See, e.g., In re Leedy Mortgage Co., Inc.*, 62 B.R. at 306. The court will thus deny defendant's motion to refer this proceeding to the bankruptcy court of this district.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to refer this proceeding to the bankruptcy court for this district is hereby denied.

IT IS FURTHER ORDERED that plaintiff's motion for a stay of proceedings until new counsel for plaintiff entered an appearance is now moot, and thus deemed denied.

---

**2.** Although the distinction between "core" and "non-core" proceedings may be somewhat difficult to draw, the court finds that Manley's present action, asserting state law claims for negligence, breach of contract and wrongful dishonor, is in the nature of a non-core proceeding. A core proceeding is essentially equitable and would not exist absent the Bankruptcy Code, *In re American Energy, Inc.*, 50 B.R. 175, 178 (Bankr.N.D.1985). A non-core proceeding includes those proceedings "at law" which in the absence of bankruptcy could have been brought in a federal district or state court. *In re Colorado Energy Supply, Inc.*, 728 F.2d 1283, 1286 (10th Cir.1984). Further, in a non-core proceeding, the Seventh Amendment right to jury trial is preserved. *In re American Energy*, 50 B.R. at 180.