**In re Daniel R. WALSH and Marguerite A. Walsh, dba Law Office of Daniel R. Walsh, Debtors.**

**Daniel R. WALSH, Marguerite A. Walsh, his wife, and D.K.K. Company, a Nevada corporation, Plaintiffs,**

v.

**William P. BRUSH, Margaret P. Brush as Trustee Under Declaration of Trust Dated July 16, 1970, and William P. Brush as Substituted Trustee Under Declaration of Trust Dated July 16, 1970, Defendants.**

No. CV–N–87–268–ECR.
Bankruptcy No. 86–899.
Adv. No. 86–0168.

United States District Court,
D. Nevada.

Oct. 7, 1987.

Howard L. Cunningham, and Frank W. Thompson, Reno, Nev., for plaintiffs.

Paul Richards, Reno, Nev., for defendants.

ORDER

EDWARD C. REED, Jr., Chief Judge.

Daniel Walsh originally brought this action on April 12, 1985, in the Second Judicial District Court of the State of Nevada in and for the County of Washoe. On May 31, 1985, an amended complaint was filed in that court showing Daniel Walsh, Marguer-

ite Walsh, and the D.K.K. Company to be the plaintiffs. The defendants are William Brush and Margaret Brush. The amended complaint seeks enforcement of the terms of a joint venture agreement or dissolution of a partnership; it also seeks damages.

On August 21, 1985, the Brushes filed an answer and counterclaim. The counterclaim alleges breach of contract, fraud, breach of fiduciary duty, default on a promissory note, malicious prosecution, and other causes of action; the counterclaim seeks damages, quiet title, and a constructive trust.

On July 24, 1986, Daniel and Marguerite Walsh, doing business as the Law Office of Daniel Walsh, filed their Chapter 11 bankruptcy petition.

Thereafter, on August 22, 1986, the Walshes' case against the Brushes was removed from state court by the Walshes. The defendants moved the bankruptcy court to abstain; the bankruptcy court denied the motion, apparently because there was no action then pending in state court.

On May 14, 1987, the bankruptcy court *sua sponte* issued a Report and Recommendation (Bankruptcy No. 86–899, docket # 21), recommending that this Court remand this proceeding to state court. The plaintiffs filed an Objection to Report and Recommendation on May 27, 1987 (Bankruptcy No. 86–899, docket # 23). That Report and Recommendation is now before this Court.

The bankruptcy court found that it has jurisdiction over the adversary proceeding at issue here. It found, though, that this proceeding could not have been brought in federal court but for the pendency of the bankruptcy case. The bankruptcy court concluded that state court is the more appropriate forum for this proceeding.

■ The bankruptcy court determined that it lacked jurisdiction to enter an order to remand, as such an order is not appealable. *See* 28 U.S.C. §§ 157(b)(1) and 1452(b); *In re Newman,* 61 B.R. 27, 29 (Bkrtcy.D.N.M.1986). The bankruptcy court determined that it should make findings and recommendations to this Court.

This Court agrees with the bankruptcy court's determination on this point.

Remand to state court of bankruptcy claims is governed by 28 U.S.C. § 1452(b):

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

The remand issue is not a jurisdiction issue and it is not an issue involving the question whether or not the Walshes adversary proceeding against the Brushes is a core proceeding. The remand issue involves the determination whether equity requires the remand of this case to state court. The following factors are material: (1) duplication of judicial resources, (2) uneconomical use of judicial resources, (3) effect of remand on the administration of the bankruptcy estate, (4) presence of issues of state law better addressed by a state court, (5) comity, (6) prejudice to involuntarily removed parties, (7) possibility of inconsistent results, and (8) relative expertise of the courts on the issues involved. *Allen County Bank & Trust Co. v. Valvmatic Int'l Corp.,* 51 B.R. 578, 582 (N.D.Ind. 1985); *In re Baren,* 47 B.R. 39, 42–43 (Bkrtcy.N.D.Ill.), *aff'd and adopted,* 48 B.R. 752 (N.D.Ill.1984). These factors weigh in favor of remand.

■ This case includes only state law claims. Therefore, the state court is particularly well suited to handle the issues raised.

Moreover, the plaintiffs' claims were pending in state court for over sixteen months before being removed to federal court. The case was set for trial on December 1, 1986. The fact that the state court had proceeded to a point so near trial before removal indicates to this Court that retention of the case in federal court would result in a duplication and uneconomical use of judicial resources.

In that the case includes state law issues which may bear on state policy concerns, comity is a consideration weighing in favor of remand.

Finally, the Court finds that if the case is remanded there is no danger of prejudice to the parties, no danger of adverse effects upon the administration of the bankruptcy estate, and no danger of inconsistent results.

Equity requires remand of this case to state court.

IT IS, THEREFORE, HEREBY ORDERED that the case of *Walsh v. Brush,* adversary proceeding no. 86–0168, is REMANDED to the Second Judicial District Court of the State of Nevada in and for the County of Washoe. A certified copy of this Order shall be mailed to the clerk of the said state court.