In re ANNAPOLIS MALL MOTEL LIMITED PARTNERSHIP, Debtor.

Lester H. SHOR, Plaintiff,

v.

Michael FLOYD, Boone Wayson, Marcus Marx, Peter Max, George F. Warner, George E. Warner, Annapolis Ramada MGP, Inc. and Thomas Riggins, Defendants.

No. 90–5–3137–JS.
Adv. No. A90–0469–JS.

United States District Court, D. Maryland.

Dec. 3, 1991.

Lester H. Shor, pro se.

David L. Schneier, Bethesda, Md., for plaintiff.

John B. Isbister, Lawrence J. Quinn, Alan Grochal, Tydings & Rosenberg, Baltimore, Md., for defendants Michael Floyd, Boone Wayson, Marcus Marx, Peter Max, George E. Warner and Annapolis Ramada MGP, Inc.

Joel D. Rubin, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for defendant George F. Warner.

Diane Krejsa, Asst. Atty. Gen., Baltimore, Md., for defendant Thomas Riggins.

Paul Nussbaum, Whiteford, Taylor & Preston, Baltimore, Md.

## ORDER REMANDING COMPLAINT TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY

RAMSEY, District Judge.

Pursuant to the provisions of Bankruptcy Rules 9027(e) and 9033(b) and Local Bankruptcy Rule 42, and based upon the report and recommendation of the United States Bankruptcy Court for the District of Maryland in the pending matter which this Court adopts, it is

ORDERED that the instant adversary proceeding be and the same is hereby REMANDED to the Circuit Court for Anne Arundel County.

## U.S. BANKRUPTCY COURT'S REPORT AND RECOMMENDATION TO THE U.S. DISTRICT COURT THAT THE INSTANT COMPLAINT BE REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY

Filed Nov. 20, 1991

JAMES F. SCHNEIDER, Bankruptcy Judge.

The debtor's voluntary Chapter 11 bankruptcy petition was filed in this Court on July 26, 1990. The instant complaint was removed here from the Circuit Court for Anne Arundel County upon an application filed by non-debtor defendants on November 27, 1990. For the reasons stated, it is recommended that the complaint be remanded to the state court.

FINDINGS OF FACT

1. The defendants, Michael Floyd, Boone Wayson, Marcus Marx, Peter Max, George F. Warner, George E. Warner, and Annapolis Ramada MGP, Inc. and the plaintiff, Lester H. Shor, are partners of Annapolis Mall Motel Limited Partnership, a Maryland partnership and debtor-in-possession. Annapolis Mall operates the Ramada Hotel in Annapolis, Maryland.

2. Mr. Shor personally obtained a liquor license from the Anne Arundel County Liquor Board in his own name on behalf of the hotel as director of liquor operations.

3. The instant complaint alleges that on June 15, 1991, Mr. Shor appeared before defendant Thomas Riggins, chairman of the Anne Arundel County Liquor Board, to terminate or transfer his liquor license. Mr. Shor claimed that he desired to terminate the license because he "was no longer directing the liquor operations at the Annapolis Ramada Hotel and ... did not want to be personally liable for purchase of food, liquor, beer, soda or any other items incident to the operation of the lounge, restaurant, or banquet facilities of the Annapolis Ramada." Complaint ¶ 6. The complaint further alleges that Mr. Riggins advised Mr. Shor that the license had been transferred to defendant Marcus Marx. In reality, a new liquor license was issued to Mr. Marx on July 28, 1990 and Mr. Shor's license was never transferred or terminated according to the complaint. The partners of Annapolis Mall continued to order liquor purchases and operate the lounge, restaurant and banquet facilities at the Annapolis Ramada under the license in Mr. Shor's name despite the fact that a new license had been issued to Mr. Marx. Complaint ¶ 13. On September 1, 1990, Mr. Shor was notified by counsel for the liquor distribu-

tors that liquor bills charged to the license in his name after June 15, 1990 were past due. The complaint alleges that the partners of Annapolis Mall and Mr. Riggins fraudulently made "material false and misleading statements" regarding the transfer of the liquor license and breached their fiduciary duties to him and that Mr. Shor suffered injury as a direct and proximate result of defendants' actions.

4. Mr. Shor's complaint was removed to this Court by the defendants on November 27, 1990. On December 19, 1990, Mr. Shor filed a motion to remand the instant complaint to state court.

## CONCLUSIONS OF LAW

1. Removal of claims related to bankruptcy cases is governed by Section 1452 of the U.S. Judicial Code:

### REMOVAL OF CLAIMS RELATED TO BANKRUPTCY CASES.

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise ...

28 U.S.C. § 1452 (1988).

2. The procedure for ruling on motions for remand is set forth in Bankruptcy Rule 9027(e):

(3) Remand. A motion for remand of the removed claim or cause of action shall be filed with the clerk and served on the parties to the removed claim or cause of action. Unless the district court orders otherwise, a motion for remand shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion. The clerk shall serve forthwith a copy of the report and recommendation on the parties. Within 10 days of being served with a copy of the report and recommendation, a party may serve and file with the clerk objections prepared in the manner provided in Rule 9033(b). Review by the district court of the report and recommendation shall be governed by Rule 9033.

Bankruptcy Rule 9027(e) (1991).

3. The instant complaint is a non-core proceeding between non-debtor parties unrelated to the bankruptcy case. Mr. Shor is suing the defendant partners (and not the partnership) in their individual capacities for allegedly making "material false and misleading statements" to him. The partners themselves have not filed bankruptcy in this Court.

4. The outcome of this complaint will not have any effect upon this debtor's bankruptcy estate. The debtor is not responsible for indemnifying the defendant partners assuming they individually made fraudulent misrepresentations to Mr. Shor which were unrelated to the partnership's affairs. Maryland Corporations and Associations Annotated Code § 9–401(2) (1985);[1] *Phillips v. Cook*, 239 Md. 215, 210 A.2d 743 (1965) (A partner whose tortious act was found to be outside the scope of partnership business had no right of indemnification against the partnership). Mr. Shor, not Annapolis Mall, is personally responsible for any purchases made with the Shor liquor license.[2] If the defendants fraudu-

---

1. Maryland Corporations and Associations Annotated Code § 9–401(2) (1985) states:
   ... (2) The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the presentation of its business or property.

*Id.*

2. Section 40 of the Alcoholic Beverages Article (Article 2B) of the Maryland Code provides:
   (a) *License issued to individuals; application for partnership.*—A license may not be issued to a partnership, nor to a corporation, but only to individuals authorized to act for a

lently misused the license in Mr. Shor's name, the defendants, not Annapolis Mall, would be personally liable to Mr. Shor. Furthermore, Mr. Riggin's potential liability as chairman of the Anne Arundel County Liquor Board will have no effect on Annapolis Mall's estate.

5. Notions of comity with the state court dictate remand. The lawsuit asserts causes of action based solely upon state law. "Therefore, the state court is particularly well suited to handle the issues raised." *In re Walsh,* 79 B.R. 28, 29 (D.Nev.1987).

6. This Court lacks subject matter jurisdiction to entertain the instant complaint because it is wholly unrelated to the bankruptcy estate and will have no conceivable effect upon it. *See In re Incor, Inc.,* 100 B.R. 790 (Bankr.D.Md.1989).

For the foregoing reasons, it is recommended to the U.S. District Court for the District of Maryland that the instant complaint be remanded to the Circuit Court for Anne Arundel County.

An order is attached pursuant to the provisions of Bankruptcy Rules 9027(e) and 9033(b) and Local Bankruptcy Rule 42 to be executed by the United States District Court.

DATE: November 4, 1991.

partnership or corporation *who shall assume all responsibilities as individuals, and be subject to all of the penalties, conditions and restrictions* imposed upon licensees under the provisions of the Tax–General Article that relate to the alcoholic beverage tax and the provisions of this article. If the application is made for a partnership, the license shall be applied for and be issued to all the partners as individuals, all of whom shall have resided in the city or county in which the place of business is located for at least 2 years prior to the application, or shall have resided in the State of Maryland for that period in case the application is filed with the Comptroller. *Id.*