**BORINTEX MANUFACTURING CORP., et al., Plaintiffs,**

v.

**BANCO GUBERNAMENTAL de FOMENTO PARA PUERTO RICO, et al., Defendants.**

**Civ. No. 89-0516 (JAF).**

United States District Court;
D. Puerto Rico.

July 21, 1989.

Fernando L. Gallardo, Woods & Woods, San Juan, P.R., for plaintiffs.

Paul B. Smith, Saldaña, Rey, Moran & Alvarado, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This civil action was originally filed on July 6, 1987 in the Superior Court of Puerto Rico, San Juan Section, and numbered 87-3727 (908). On January 17, 1989, the plaintiffs in said action filed Chapter 11 bankruptcy petitions numbered 89-00129 (SEK) and 89-00130 (SEK). Thereafter, the plaintiff-debtors removed the local civil action to this court pursuant to a motion filed on April 17, 1989. The defendants to the original civil action now seek to have the same remanded back to local court pursuant to 28 U.S.C. § 1334(c).

28 U.S.C. section 1334(c)(2) sets forth the circumstances when a district court must abstain from hearing a proceeding related to a Title 11 bankruptcy case:

> Upon timely motion of a party in a proceeding based upon a State law claim

or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction....

28 U.S.C. § 1334(c)(2).

We agree with defendants that mandatory abstention is in order. *National Acceptance Co. of Cal. v. Levin*, 75 B.R. 457 (D.Ariz.1987); *Matter of Candelero Sand & Gravel, Inc.*, 66 B.R. 903 (D.P.R.1986). The case filed in Superior Court consists of an action for damages allegedly resulting from contractual interference, thus involving purely state-law issues. Plaintiffs have failed to proffer any convincing basis for federal jurisdiction over this case other than section 1334, and we are likewise unable to discern any.[1] Indeed, plaintiffs themselves chose to file this action in local court where it remained for nearly two years until bankruptcy proceedings were initiated. This action did not arise from the bankruptcy filings nor can it be described as a "core proceeding" as defined by this court in the past. *See In re Interamericas Turnkey Development Co.*, 94 B.R. 9, 10 (D.P.R.1988). Moreover, there is no reason to believe that the Superior Court cannot deliver a timely resolution to this conflict; in fact, this case had been set for trial but was continued due to a change in plaintiffs' legal representation.

"Given that the [action] before this Court meet[s] the elements for mandatory abstention set forth in 28 U.S.C. section 1334(c)(2), we are compelled to follow Congressional mandate and refrain from hearing these matters." *Matter of Candelero Sand & Gravel, Inc.*, 66 B.R. at 908. Therefore, federal civil case number 89–516 (local case number 87–3727 (908)), is hereby REMANDED to the Superior Court, San Juan Section, for further proceedings.

IT IS SO ORDERED.

---

1. To this end, we have considered plaintiffs' argument that this action is "property" of the estate pursuant to 28 U.S.C. § 1334(d) and therefore under the exclusive jurisdiction of the federal court, and find it completely without merit. To adopt such a view would obviously convert every state action filed by a chapter 11 debtor into an exclusively federal matter. Furthermore, this argument fails in that federal jurisdiction would still be based solely on 28 U.S.C. § 1334, and not on any other basis.