In re SECOND PINE, INC., Debtor.

Mark GRABOWSKI, in the interests of SECOND PINE, INC. and Mark Grabowski, Debtor, individually, Plaintiffs,

v.

Gloria B. LEVIN, Second Pine Associates, a Pennsylvania Partnership and Second Pine Enterprises, a Pennsylvania Corporation, individually and severally, Defendants.

Bankruptcy No. 88–19986S.
Adv. No. 89–0466.
Misc. No. 89–0432.

United States District Court,
E.D. Pennsylvania.

Oct. 23, 1989.

Ross Bogelman, Philadelphia, Pa., for plaintiffs.

Rosetta B. Packer, Joan Sheak, Rona J. Rosen, Klehr, · Harrison, Harvey Branzburg, Ellers & Weir, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

GAWTHROP, District Judge.

On August 30, 1988, plaintiff Second Pine, Inc. filed a Petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. The Petition was signed by plaintiff Mark Grabowski, as Second Pine, Inc.'s President and sole shareholder. At the time of the bankruptcy filing, Second Pine, Inc. leased commercial property from defendant Second Pine Associates ("Associates"). The lease was guaranteed by plaintiff Grabowski. In October, 1988, Associates executed on the guaranty agreement with Grabowski and took control of the stock of Second Pine, Inc.

On October 17, 1988, Grabowski filed an individual petition under Chapter 11 of the Bankruptcy Code. On May 25, 1989, Grabowski filed this action alleging the following seven claims: (1) fraudulent misrepre-

sentation; (2) conspiracy to deceive; (3) unjust enrichment; (4) negligent misrepresentation; (5) breach of trust; (6) breach of covenant of good faith and fair dealing; and (7) fraudulent misrepresentation. Grabowski's claims arise from alleged representations made by defendant Gloria B. Levin, an agent of Associates, concerning development of the area adjacent to the leased premises. Grabowski avers that defendant Levin's representations induced Second Pine, Inc. to change the bar/restaurant to be operated on the leased premises from an "Irish Pub" concept to a "Beatles" theme.

Defendants have filed a Motion for Withdrawal of Reference of Proceedings from Bankruptcy Court, pursuant to 28 U.S.C. § 157(d), which allows a district court to withdraw a case referred to bankruptcy court "for good cause shown." Defendants contend that the case should be withdrawn because plaintiff's claims constitute a non-core proceeding under 28 U.S.C. § 157(b)(1), which would be more efficiently adjudicated by a district court. Upon the following reasoning, I shall grant the defendants' motion.

## DISCUSSION

■ A case which has a "life of its own in either state or federal common law or statute independent of the federal bankruptcy laws" is a non-core proceeding. *In re Kaiser*, 722 F.2d 1574, 1582 (2d Cir. 1983); *see also In re Athos Steel and Aluminum Inc.*, 71 B.R. 525, 534 (E.D.Pa. 1987) ("proceedings which involve a cause of action created solely by state law, brought by or on behalf of the debtor, and which does not otherwise fall within the provisions of 28 U.S.C. § 157(b)(2)(B)–(N), are non-core matters").

Plaintiff's cause of action, which arises from defendant Gloria Levin's alleged representations concerning the development of the area adjacent to plaintiff's leased premises, does not involve a substantive right created by federal bankruptcy law and could have been brought independent of the bankruptcy proceeding and determined according to state law. Accordingly, I find that this case is a related non-core proceeding under 28 U.S.C. § 157(b)(2).

■ Bankruptcy judges have the power to enter appropriate orders and judgments in all core proceedings, 28 U.S.C. § 157(b)(1), but are precluded from entering final orders or judgments in non-core proceedings. 28 U.S.C. § 157(c)(1). In non-core proceedings, a bankruptcy court must submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1).

In this case, both the plaintiff and defendants have requested a jury trial. While a bankruptcy court is empowered to conduct jury trials under rule 9015 of the Rules of Bankruptcy Procedure, "[j]udicial economy is served ... by withdrawing reference of related non-core proceedings in which a jury trial will be required." *In re Ramex International Inc.*, 91 B.R. 313, 316 (E.D. Pa.1988); *see also In re Globe Parcel Service, Inc.*, 75 B.R. 381 (E.D.Pa.1987). As the court in *In re Ramex* noted, a bankruptcy court. jury verdict and resulting judgment in a related non-core proceeding would be only advisory in nature and subject to de novo review by the district court. If either party objected to the jury's findings, the required de novo review would mandate a second jury trial in district court. In such a case, it would be judicially inefficient to allow a related non-core matter to proceed by jury trial in bankruptcy court.

As previously noted, the parties have requested a jury trial in this related non-core matter. Considering the nature of the plaintiff's cause of action, it appears likely that the bankruptcy court will be required to conduct a jury trial. In light of the judicial economy considerations, I will grant Defendants' Motion for Withdrawal of Reference of Proceedings from Bankruptcy Court.