In re VEN–MAR INTERNATIONAL, INC., Ven–Mar of Indian River, Inc., Drip Line Sales, Inc., Debtors.

VEN–MAR OF INDIAN RIVER, INC., Plaintiff,

v.

William R. HANCOCK, Jr. and Kimberly Hancock, Defendants.

Bankruptcy Nos. 93–33060–BKC– SHF to 93–33062–BKC–SHF. Adv. No. 93–1252–BKC–SHF–A.

United States Bankruptcy Court, S.D. Florida.

March 29, 1994.

Lisa J. Chaiklin, Boca Raton, FL, for plaintiff.

Robert N. Gilbert, West Palm Beach, FL, for defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court for hearing on February 15, 1994, on the Defendants', William R. Hancock, Jr. and Kimberly Hancock (the "Defendants"), Amended Motion to Dismiss. Having considered the motion, the arguments of counsel and for the reasons set forth below, the Court grants the Defendants' motion.

Plaintiff/Debtor, Ven–Mar of Indian River, Inc. (the "Debtor"), filed a two-count complaint against the Defendants alleging that the Defendants owe the Debtor $31,362.73 for an irrigation system installed on the Defendants' property. The Debtor seeks (1) the turnover of $31,362.73 for the irrigation system, and (2) in the alternative, an adjudication that the Debtor has a construction lien on the Defendants' property in the amount of $31,362.73.

The Defendants assert that Count I of the Debtor's complaint fails to state a cause of action against the Defendants because 11 U.S.C. § 542(b), which relates to turnover, applies only to matured, payable on demand, or payable on order debts. The Defendants contend that the Complaint clearly indicates that there is a dispute between the parties over whether any monies are due and owing. Further, the Defendants seek to have the complaint dismissed because this matter is a non-core matter in which this Court lacks jurisdiction to enter a final judgment or order.

■ The parties do not dispute that a turnover action is a "core" proceeding under 28 U.S.C. § 157(b). Rather, they dispute whether this action can be properly characterized as a "turnover action". If turnover is an available remedy for this action then there can be no dispute that this is a "core" proceeding and this Court has jurisdiction to

enter a final judgment. However, if this action cannot be properly characterized as a "turnover action" then this matter is "non-core" and the Court does not have the authority under 28 U.S.C. § 157(c) to enter a final judgment. In such instance, in the interest of judicial economy, the Court should consider abstaining from hearing this action.

■ The mere characterization of an action as one for turnover does not mean that it is a "turnover action" as contemplated by 28 U.S.C. § 157(b)(2)(E). In re Matheney, 138 B.R. 541, 546 (Bankr.S.D.Ohio 1992). The Eleventh Circuit, in In re Charter Co., 913 F.2d 1575 (11th Cir.1990) stated—

> Turnover proceedings are not to be used to liquidate disputed contract claims. Clearly, Congress envisioned the turnover provision of § 542 of the Code, 11 U.S.C. § 542 (1988), to apply to tangible property and money due to the debtor without dispute which are fully matured and payable on demand. Congress intended to ease reorganization by allowing the debtor to obtain funds immediately necessary for survival—not all funds, only those not in dispute.

Charter, 913 F.2d at 1579 (citations omitted). The Eleventh Circuit also observed that the application of turnover provisions would allow the debtor to recover monies under the Bankruptcy Code from disputed claims based strictly on state law. "Certainly such procedure could not be sanctioned outside bankruptcy and there is no just reason why it should be sanctioned just because the entity seeking to collect disputed funds happens to be a Debtor under the Bankruptcy Code." Id. (quoting In re Chick Smith Ford, 46 B.R. 515, 518 (Bankr.M.D.Fla.1985)). See also Matheney, 138 B.R. at 546 (An action is properly characterized as one for turnover where the trustee or debtor in possession is seeking to obtain property of the debtor, not property owed to the debtor); In re FLR Co., 58 B.R. 632, 634 (Bankr.W.D.Pa.1985) ("Implicit in the bankruptcy concept of turnover is the idea that the property being sought is clearly the property of the Debtor but not in the Debtor's possession.") This Court agrees that Section 542 does not pro-

vide trustees and debtors in possession with the ability to recover property where a dispute exists between the parties. Instead, Section 542 allows trustees and debtors in possession to recover property that is clearly property of the debtor.

The Debtor cites to cases that have found an action for turnover to exist notwithstanding the existence of a dispute as to whether the defendant was liable to the Debtor. In light of the Eleventh Circuit's language in *Charter* and this Court's interpretation of Section 542, these cases are not persuasive.

Because it is clear from the complaint that the money being sought from the Defendants is not property *of* the Debtor but may be property owed to the Debtor, this action cannot be properly characterized as a "turnover action". Consequently, this is a "non-core" proceeding. Pursuant to 28 U.S.C. 157(c), unless the parties consent, bankruptcy courts have the authority to hear "non-core" matters but may not enter final orders. Instead, Bankruptcy Courts must submit proposed findings of facts and conclusions of law upon which the District Court will make a de novo review and enter a final judgment or order.

■ Although the Defendants did not specifically seek abstention in their motion to dismiss, at hearing, they did identify abstention as an appropriate remedy if the Court found this matter to be "non-core". Pursuant to 28 U.S.C. § 1334(c)(1), bankruptcy courts may abstain from hearing a matter that arises in, arises under or relates to a case under title 11. The Debtor argues that this Court should not abstain from hearing this matter.

For support of their position, the Debtor cites to *In re All American of Ashburn, Inc.,* 49 B.R. 926 (Bankr.N.D.Ga.1985), which involved similar facts. In that case, the trustee brought an action for turnover to collect accounts receivable. The defendant requested the court to abstain. The court found that the action was a "core" proceeding concerning the liquidation of assets of the estate. Because the case was a liquidating chapter 11 and the trustee had commenced numerous collection actions in an effort to generate funds for distribution to creditors, the court

determined that the Bankruptcy Court would provide the most efficient forum to litigate the various proceedings. Like *All American*, this case involves a liquidating chapter 11 plan. However, although this action and two other lawsuits are projected to fund a portion of the plan, the lawsuits are not the sole means of funding the plan.

This Court is not the more efficient forum for adjudicating a dispute relating to an account receivable such as the instant controversy. Currently, this Court is setting adversary proceedings three months in advance. Considering the District Court's current backlog of cases, it is uncertain how long it will take for a final order or judgment to be entered. Therefore, in the interest of judicial economy, this Court shall abstain from hearing this matter and dismiss this adversary proceeding. Accordingly, it is

ORDERED AND ADJUDGED that this matter is dismissed without prejudice to refile an action in state court.

DONE AND ORDERED.